**FEDERAL DEFENDER OFFICE**
DISTRICT OF MASSACHUSETTS
408 ATLANTIC AVENUE, 3RD FLOOR
**BOSTON, MASSACHUSETTS 02110**

TELEPHONE: 617-223-8061
(FAX) 617-223-8080

February 3, 2005

Ann Taylor, Esq.
Dena T. Sacco, Esq.
U.S. Attorney's Office
U.S. Courthouse, Suite 9200
1 Courthouse Way
Boston, MA  02210

      Re:  U.S. v. Eric Molignaro
           Criminal No. 04-10373-MLW

Dear Ms. Sacco and Ms. Taylor:

    Pursuant to Local Rule 116.3(A), I am requesting the following discovery:

1) Bill of Particulars

Defendant requests a bill of particulars with respect to Count Two, specifying the images alleged to depict minors engaging in sexually explicit conduct.

2) Physical evidence

Defendant requests a copy of the hard drive and of all Encase files, subject to a protective order similar to that entered in the case of United States v. Rudy Frabizio, Criminal No. 03-10283-NG. A copy of the hard drive is discoverable under 16(a)(1)(E), which requires the government to

> permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:

FEDERAL DEFENDER OFFICE

>   (i) the item is material to preparing the defense;
>
>   (ii) the government intends to use the item in its case-in-chief at trial; or
>
>   (iii) the item was obtained from or belonged to the defendant.

See <u>United States v. Rudy Frabizio</u>, 341 F. Supp. 2d 47 (D. Mass. 2004) (Gertner, D.J.).

3) <u>Statements of defendant</u>.

In addition to reports regarding relevant statements made to government agents by the defendant, I request any and all notes regarding those statements. This discovery is required by Fed. R. Crim. P. 16(a)(1)(A), which provides for discovery of "any written record containing the substance of any relevant oral statement . . ." See Advisory Committee Notes to 1991 Amendments ("The written record need not be a transcription or summary of the defendant's statement but must only be some written reference that would provide some means for the prosecution and defense to identify the statement"). See <u>United States v. Almohandis</u>, 307 F. Supp. 2d 253 (D. Mass. 2004) (Collings, M.J.)

Please contact me if you have any questions about this matter.

Sincerely,

*Miriam Conrad*
Miriam Conrad

MC:bab

cc: Clerk of Court