UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 04-10373-MLW |
| | ) | |
| ERIC MOLIGNARO | ) | |

MOTION FOR PRODUCTION OF DISCOVERY

    Defendant, Eric Molignaro, now moves, pursuant to Fed. R. Crim. P. 16, that this Court order the government to produce to undersigned counsel a copy of the hard drive and of all Encase files, subject to a proposed protective order, attached hereto as Exhibit A.  The discovery sought is necessary to enable undersigned counsel to conduct its own independent forensic examination of the hard drive.

    Government counsel has agreed to provide a copy of the hard drive, but has proposed a protective order, attached hereto as Exhibit B, which undersigned counsel contends is unduly restrictive in one respect:  it only permits any defense computer expert to access the evidence if he or she does so in undersigned counsel's office.

    Defendant submits that this provision unnecessarily limits undersigned counsel's ability to conduct a proper forensic examination.  The Affidavit of FBI Special Agent Robert J.E. Blackmore in support of the application for the search warrant issued in this case asserted that the sorting process involved in

searching a computer "often requires agents to seize most or all electronic storage devices . . . to be searched later by a qualified computer expert <u>in a laboratory or other controlled environment</u>." Search Warrant, ¶ 15 (emphasis added). The affidavit also asserts that the "sorting process can take weeks, or months, depending on the volume of data stored and often it would be impractical to attempt this kind of search on site." <u>Id</u>. at ¶15(a). Finally, the affidavit states that the forensic examination of a computer "is a highly technical process requiring expert skill <u>and a properly controlled environment</u>. For example, on-site and laboratory analysis by a qualified computer specialist is often required in order to properly retrieve and analyze electronically stored (computer) data, to document and authenticate the data, and to prevent the loss of the data either from accidental or deliberate destruction." <u>Id</u>. at ¶ 15(b) (emphasis added).

   The government's position limiting a forensic examination by the defense to undersigned counsel's office is unreasonable in light of the case agent's own assertions requiring the conditions necessary for a proper examination.  Furthermore, the proposed restriction will drastically increase the cost of conducting that examination, by adding travel time and costs to the expert's fees.  <u>See</u> <u>ex parte</u> affidavit of counsel (filed separately under seal).

In <u>United States v. Frabizio</u>, 341 F. Supp. 2d 47 (D. Mass. 2004), Judge Gertner ordered production of a copy of the hard drive, approving a protective order that permitted undersigned counsel to send a copy of the hard drive to her expert under certain conditions. <u>See</u> protective order, attached hereto as Exhibit C.[1]  Defendant submits that the same protective order should be adopted in this case.

                                      ERIC MOLIGNARO
                                      By his attorney,

                                      /s/Miriam Conrad

                                      Miriam Conrad
                                        B.B.O. #550223
                                      Federal Defender Office
                                      408 Atlantic Ave., 3rd Floor
                                      Boston, MA  02110
                                      Tel: 617-223-8061

April 8, 2005

---

[1] The <u>Frabizio</u> protective order was revised, by agreement of the parties, sometime after Judge Gertner issued her discovery order.

# EXHIBIT

# B

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA )
)
v. ) CR. NO. 04-10373-MLW
)
ERIC MOLIGNARO )

## PROTECTIVE ORDER

**IT IS HEREBY ORDERED:**

1. The government shall provide defense counsel, Miriam Conrad with an image of the hard drive of the computer in the above-captioned matter, necessarily including any and all alleged child pornography and/or contraband contained thereon. These items shall hereinafter be referred to as the "computer evidence." Ms. Conrad shall maintain the computer evidence as follows:

   a. The computer evidence shall be maintained by Ms. Conrad in accordance with this Order and shall be used by her solely and exclusively in connection with this case (including trial preparation, trial, and appeal).

   b. The computer evidence shall be maintained by Ms. Conrad in a locked file or cabinet at all times.

   c. A copy of this Order shall be kept with the computer evidence at all times.

   d. The computer evidence shall be accessed and viewed only by Ms. Conrad, and/or employees of the Federal Public Defender's Office, working on

behalf of the defendant. Employees of the Federal Public Defender's Office may only view the evidence in Ms. Conrad's presence, and only after reviewing this order and agreeing to be bound by it. Ms. Conrad shall maintain a list of all employees granted access to the computer evidence, which list shall include the dates and times of such access.

e. If Ms. Conrad retains a computer expert in this case, said expert may access and examine the computer evidence in this case at Ms. Conrad's office. The computer evidence may not be copied except as necessary to complete the forensic examination.

e. Defendant himself shall not be permitted to access or view any graphic image file containing alleged child pornography or contraband, on any of the computer evidence, without petition and prior order of this Court. However, defendant may access and view non-image data contained on the computer evidence for the purpose of assisting in the preparation of his defense in the presence of counsel and under the direct supervision and control of counsel.

f. Any computer into which the computer evidence may be inserted for access and operation shall not be connected to a network while a copy of the computer evidence is inserted into it.

g. Miriam Conrad shall take the necessary steps to ensure that alleged child pornography is not printed, and is not copied or saved onto any computer media or hard drive, including into unallocated space and virtual memory.

h. Any computer into which the computer evidence is inserted may be connected to a printer only under the following conditions: that any printer utilized is a local printer, that the printer may be connected only when and as necessary to print non-graphic image files, and that Miriam Conrad and/or an expert retained by Miriam Conrad shall be personally present at all times a printer is connected.

i. Within 30 days of termination of this matter (including the termination of any appeal), defense counsel shall return (or cause the return of) the computer evidence, as well as any copies of said evidence authorized by this protective order, to the Assistant United States Attorney assigned to this case. Upon the return of the computer evidence, defense counsel shall file a

brief report to the Court specifying that the terms of this Order have been complied with and reporting the return of the computer evidence.

**IT IS SO ORDERED** this __th day of April, 2005.

_____
MARIANNE B. BOWLER.
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 03-10283-NG |
| | ) | |
| RUDY FRABIZIO | ) | |

SUPPLEMENTAL PROTECTIVE ORDER

**IT IS HEREBY ORDERED**:

1. This Protective Order Shall supplement the Protective Order entered by the Court on November 9, 2004.

2. The government shall provide defense counsel, Miriam Conrad, with an image of the hard drive of the computer in the above-captioned matter, necessarily including any and all alleged child pornography and/or contraband contained thereon. These items shall hereinafter be referred to as the "computer evidence." Ms. Conrad shall maintain the computer evidence as follows:

    a. The computer evidence shall be maintained by Ms. Conrad in accordance with this Order, except as provided in ¶ 3 below, and shall be used by her solely and exclusively in connection with this case (including trial preparation, trial, and appeal).

    b. The computer evidence shall be maintained by Ms. Conrad in a locked file or cabinet at all times, except while being actively utilized or as otherwise provided for in this Order.

    c. A copy of this Order shall be kept with the computer evidence at all times.

    d. The computer evidence shall be accessed and viewed only by Ms. Conrad, other employees of the Federal Defender Office, and the expert retained by Ms. Conrad in this case, Robert Young, who shall access and view the computer evidence only as set forth in Section 2 below. Employees of the Federal Defender Office may only view the evidence in Ms. Conrad's presence, and only after reviewing this order and agreeing to be bound by it. Ms.

        Conrad shall maintain a list of all employees granted access to the computer evidence, which list shall include the dates and times of such access.

    e.    Defendant himself shall not be permitted to access or view any graphic image file containing alleged child pornography or contraband, on any of the computer evidence, without petition and prior order of this Court.  However, defendant may access and view non-image data contained on the computer evidence for the purpose of assisting in the preparation of his defense in the presence of counsel and under the direct supervision and control of counsel.

    f.    Any computer into which the computer evidence may be inserted for access and operation shall not be connected to a network while a copy of the computer evidence is inserted into it.

    g.    Miriam Conrad shall take the necessary steps to ensure that alleged child pornography is not printed, and is not copied or saved onto any computer media or hard drive, including into unallocated space and virtual memory, except to the extent that duplication into Random Access Memory (RAM) or onto a hard drive is required by or necessarily results from the analysis conducted in connection with this case.  If any alleged child pornography is copied onto the hard drive of any computer, that hard drive must be used exclusively by Ms. Conrad and only for purposes of this case until it is reformatted or otherwise wiped clean at the close of this case to ensure that all child pornography is removed.

    h.    Any computer into which the computer evidence is inserted may be connected to a printer only under the following conditions: that any printer utilized is a local printer, that the printer may be connected only when and as necessary to print non-graphic image files, and that Miriam Conrad and/or Robert Young shall be personally present at all times a printer is connected.

3.    Miriam Conrad may provide her retained expert, Robert Young, with the computer evidence under the following circumstances and conditions.

a.  Miriam Conrad shall deliver the computer evidence to Robert Young. Miriam Conrad shall retain the relevant paperwork and tracking number, and verify receipt of the computer evidence by Robert Young. If Robert Young does not receive the computer evidence in a timely manner, he shall inform Ms. Conrad immediately, and Ms. Conrad then shall contact the Assistant United States Attorney assigned to this case.

b.  Robert Young shall maintain the computer evidence in accordance with this Order, and shall use it solely and exclusively in connection with this case. Within one week after a change of plea hearing or trial in this case, Robert Young shall return the computer evidence to Miriam Conrad, also by Federal Express. In so doing, Robert Young shall retain the relevant paperwork and tracking number, and verify receipt of the computer evidence by Miriam Conrad. If Ms. Conrad does not receive the computer evidence in a timely manner, she shall immediately contact the Assistant United States Attorney assigned to this case.

c.  Robert Young shall maintain the computer evidence in a locked drawer or filing cabinet in his office at all times, except while being actively utilized as provided for in this Order.

d.  A copy of this Order shall be kept with the computer evidence at all times.

e.  The computer evidence may be accessed and viewed only by Robert Young and members of his staff in Robert Young's presence. Members of Robert Young's staff may view the computer evidence only after Mr. Young has given the staff member a copy of this Order and the staff member agrees to be bound by it.

f.  Robert Young shall maintain custody over the computer evidence at all times. Robert Young shall maintain a list of all staff granted access to the computer evidence, which list shall include the dates and times of such access.

g.  Any computer into which the computer evidence may be inserted for access and operation shall not be

       connected to a network while a copy of the computer evidence files is inserted into it.

    h. Robert Young shall take the necessary steps to ensure that alleged child pornography is not printed, and is not copied or saved onto any computer media or hard drive, including into unallocated space and virtual memory, except to the extent that duplication into Random Access Memory (RAM) or onto a hard drive is required by or necessarily results from the analysis conducted in connection with this case. If any alleged child pornography is copied onto the hard drive of any computer, that hard drive must be used exclusively by Robert Young and only for purposes of this case until it is reformatted or otherwise wiped clean at the close of this case to ensure that all child pornography is removed.

    i. Any computer into which the computer evidence is inserted may be connected to a printer only under the following conditions: that any printer utilized is a local printer, that the printer may be connected only when and as necessary to print non-graphic image files, and that Robert Young shall be personally present at all times a printer is connected.

4. Within 30 days of termination of this matter (including the termination of any appeal), defense counsel shall return (or cause the return of) the computer evidence to the Assistant United States Attorney assigned to this case. Upon the return of the computer evidence, defense counsel shall file a brief report to the Court specifying that the terms of this Order have been complied with and reporting the return of the computer evidence.

**IT IS SO ORDERED** this ____th day of March, 2005.


                                                            Hon. Nancy Gertner
                                                            U.S. District Court Judge

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 04-10373-MLW |
| | ) | |
| ERIC MOLIGNARO | ) | |

<u>PROTECTIVE ORDER</u>

**IT IS HEREBY ORDERED**:

1. The government shall provide defense counsel, Miriam Conrad, with an image of the hard drive of the computer in the above-captioned matter, necessarily including any and all alleged child pornography and/or contraband contained thereon. These items shall hereinafter be referred to as the "computer evidence." Ms. Conrad shall maintain the computer evidence as follows:

    a. The computer evidence shall be maintained by Ms. Conrad in accordance with this Order, except as provided in ¶ 2 below, and shall be used by her solely and exclusively in connection with this case (including trial preparation, trial, and appeal).

    b. The computer evidence shall be maintained by Ms. Conrad in a locked file or cabinet at all times, except while being actively utilized or as otherwise provided for in this Order.

    c. A copy of this Order shall be kept with the computer evidence at all times.

    d. The computer evidence shall be accessed and viewed only by Ms. Conrad, other employees of the Federal Defender Office, and the expert retained by Ms. Conrad in this case, who shall access and view the computer evidence only as set forth in Section 2 below. Employees of the Federal Defender Office may only view the evidence in Ms. Conrad's presence, and only after reviewing this order and agreeing to be bound by it. Ms. Conrad shall maintain a list of all employees granted access to the computer evidence, which list shall include the dates and times of such access.

e.  Defendant himself shall not be permitted to access or view any graphic image file containing alleged child pornography or contraband, on any of the computer evidence, without petition and prior order of this Court. However, defendant may access and view non-image data contained on the computer evidence for the purpose of assisting in the preparation of his defense in the presence of counsel and under the direct supervision and control of counsel.

f.  Any computer into which the computer evidence may be inserted for access and operation shall not be connected to a network while a copy of the computer evidence is inserted into it.

g.  Miriam Conrad shall take the necessary steps to ensure that alleged child pornography is not printed, and is not copied or saved onto any computer media or hard drive, including into unallocated space and virtual memory, except to the extent that duplication into Random Access Memory (RAM) or onto a hard drive is required by or necessarily results from the analysis conducted in connection with this case. If any alleged child pornography is copied onto the hard drive of any computer, that hard drive must be used exclusively by Ms. Conrad and only for purposes of this case until it is reformatted or otherwise wiped clean at the close of this case to ensure that all child pornography is removed.

h.  Any computer into which the computer evidence is inserted may be connected to a printer only under the following conditions: that any printer utilized is a local printer, that the printer may be connected only when and as necessary to print non-graphic image files, and that Miriam Conrad and/or her expert shall be personally present at all times a printer is connected.

2.  Miriam Conrad may provide her retained expert with the computer evidence under the following circumstances and conditions.

    a.  Miriam Conrad shall deliver the computer evidence to her computer expert. Miriam Conrad shall retain the relevant paperwork and tracking number,

        and verify receipt of the computer evidence by the expert.  If the expert does not receive the computer evidence in a timely manner, he shall inform Ms. Conrad immediately, and Ms. Conrad then shall contact the Assistant United States Attorney assigned to this case.

b.    The expert shall maintain the computer evidence in accordance with this Order, and shall use it solely and exclusively in connection with this case.  Within one week after a change of plea hearing or trial in this case, the expert shall return the computer evidence to Miriam Conrad, also by Federal Express.  In so doing, the expert shall retain the relevant paperwork and tracking number, and verify receipt of the computer evidence by Miriam Conrad.  If Ms. Conrad does not receive the computer evidence in a timely manner, she shall immediately contact the Assistant United States Attorney assigned to this case.

c.    The expert shall maintain the computer evidence in a locked drawer or filing cabinet in his office at all times, except while being actively utilized as provided for in this Order.

d.    A copy of this Order shall be kept with the computer evidence at all times.

e.    The computer evidence may be accessed and viewed only by the expert and members of his staff in the expert's presence.  Members of the expert's staff may view the computer evidence only after the expert has given the staff member a copy of this Order and the staff member agrees to be bound by it.

f.    The expert shall maintain custody over the computer evidence at all times.  The expert shall maintain a list of all staff granted access to the computer evidence, which list shall include the dates and times of such access.

g.    Any computer into which the computer evidence may be inserted for access and operation shall not be connected to a network while a copy of the computer evidence files is inserted into it.

h.    The expert shall take the necessary steps to ensure that alleged child pornography is not

       printed, and is not copied or saved onto any computer media or hard drive, including into unallocated space and virtual memory, except to the extent that duplication into Random Access Memory (RAM) or onto a hard drive is required by or necessarily results from the analysis conducted in connection with this case.  If any alleged child pornography is copied onto the hard drive of any computer, that hard drive must be used exclusively by the expert and only for purposes of this case until it is reformatted or otherwise wiped clean at the close of this case to ensure that all child pornography is removed.

  i.    Any computer into which the computer evidence is inserted may be connected to a printer only under the following conditions: that any printer utilized is a local printer, that the printer may be connected only when and as necessary to print non-graphic image files, and that the expert shall be personally present at all times a printer is connected.

3.    Within 30 days of termination of this matter (including the termination of any appeal), defense counsel shall return (or cause the return of) the computer evidence to the Assistant United States Attorney assigned to this case.  Upon the return of the computer evidence, defense counsel shall file a brief report to the Court specifying that the terms of this Order have been complied with and reporting the return of the computer evidence.

**IT IS SO ORDERED** this \_\_\_\_th day of April, 2005.

 

                                             Hon. Marianne B. Bowler
                                             Chief U.S. Magistrate-Judge