UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 04-10373-MLW |
| | ) | |
| ERIC MOLIGNARO | ) | |
| | ) | |

**GOVERNMENT'S RESPONSE TO
DEFENDANT'S MOTION FOR PRODUCTION OF DISCOVERY**

The United States of America, by Assistant U.S. Attorney Ann Taylor, responds to defendant's Motion for Production of Discovery, filed on April 8, 2005. The issue raised by the defendant is the scope of the protective order which should be entered in this case. The government's proposed protective order allows for a forensic evaluation to be conducted at the offices of counsel for the defendant and the defendant requests dissemination of the computer evidence in this case to a yet unidentified third party civilian for forensic examination. For the reasons stated below, the undersigned respectfully requests that the Court impose the government's proposed protective order and deny the defendant's present request.

**BACKGROUND**

The defendant is charged in a two count indictment with transportation of child pornography and possession of child pornography, in violation of Title 18, United States Code, Sections 2252(a)(1) and 2252(a)(4)(B). The evidence in this case includes a computer hard drive which contains pictures of a child pornographic nature and is by its very nature "contraband." See e.g. United States v. Kimbrough, 69 F.3d 723, 730-731 (5th Cir. 1995) (Fifth Circuit

explained that " "[c]hild pornography is contraband").

## ARGUMENT

Until recently the government's position regarding the disclosure of child pornographic evidence was that the evidence would be made available to counsel for the defense for review but that said information would not be copied and disclosed to counsel for the defense, let alone to a third party civilian. This position stemmed from the nature of the evidence in these cases, an attempt to minimize any further victimization of the child victims, and was supported by rulings in numerous courts. See e.g. United States v. Kimbrough, 69 F.3d 723, 730-731 (5th Cir. 1995) (Fifth Circuit ruled that "[w]e decline to find that Rule 16 provides such contraband can be distributed to, or copied by, the defense" in light of fact that "[c]hild pornography is contraband"); see also United States v. Horn, 187 F.3d 781, 792 (8th Cir. 1999) (court upheld lower court's denial of disclosure of videos for expert review finding that restriction was appropriate pursuant to Fed.R.Crim.P. 16(d)(1) "given the fact that the tapes were prima facie contraband); United States v. Husband, 246 F.Supp.2d 467, 468-69 (E.D.Va. 2003)(government's offer to make videotape containing child pornography available for inspection, but not for copying, did not violate due process); United States v. Cox, 190 F.Supp.2d 330, 334 (N.D.N.Y. 2002) (denying defendant's motion for a protective order requiring the government to provide him with copies of physical evidence, including child pornography).

The disclosure of evidence of a child pornographic nature has been litigated on two occasions in this district. In both cases, the Court held that said information should be copied and disclosed to counsel for the defense, pursuant to a restrictive protective order. See United States v. Rudy Frabizio, 341 F. Supp. 2d 47 (D.Mass. 2004) (hard drive of computer containing child pornography must be copied and disclosed subject to a protective order); United States v.

Lewis, Case No. 04-CR-10317 (D.Mass. March 14, 2005)(hard drive of computer containing child pornography must be copied and disclosed subject to a protective order). In Frabizio, the case relied on by the defense in support of its position, the Court imposed a protective order similar to that presently requested by the defense. Frabizio, 341 F. Supp. 2d 47. In Lewis, a more recent decision that the defense dose not discuss in its Motion, the Court rejected the defendant's request that he be allowed to provide the contraband materials to a civilian forensic expert and have that person review the materials outside the presence of defense counsel, and instead imposed a protective order similar to that requested by the government in this case. Lewis, Case No. 04-CR-10317, *see* Exhibit A.

Based on these rulings, the government concedes that the computer evidence must be copied and disclosed to counsel for the defense, subject to a protective order. However, the undersigned respectfully submits that the Court in Lewis struck the appropriate balance between the needs of the defendant and the rights of the child victims.

The images at issue in this case are of real children who have suffered sexual exploitation, abuse, assault, humiliation, and degradation of the most profound kind. Every instance of viewing those images represents a renewed violation of the privacy of the victims, and a repetition of their abuse. Accordingly, dissemination must be limited to an as needed basis. Defendant proposes the transfer and dissemination of the child pornographic images in this case to forensic examiner for analysis. The examiner is a yet unidentified third party civilian. There is no claim that the civilian has any law enforcement experience or has been the subject of, let alone passed, a criminal background check. The civilian, unlike defense counsel, is not an officer of the court. In fact, there is no information whatsoever about the civilian whom is to be trusted with the easily disseminated and highly sensitive contraband material, possession of

which is a violation of Title 18, United States Code, Section 2252(a)(4)(B).

Defendant claims that the dissemination of information to an off-site civilian forensic expert is necessary based on language the government included in its application for a search warrant in this case. The search warrant stated that a search of a computer must be conducted "by a qualified computer expert in a laboratory or other controlled environment." Counsel for the defense can certainly create a controlled environment in her office. Counsel for the defense also claims that the fact that the "sorting process can take weeks . . . and often would be impractical to attempt this kind of search on site" also supports defendant's position. However, the defense counsel's office can hardly be said to be analogous to a defendant's home or office during execution of a search warrant, where law enforcement would not be welcome everyday and where a defendant could delete evidence at any time. Counsel further argues that laboratory analysis is necessary to prevent the loss of data. Said concern is vitiated by the fact that counsel will be using a copy of the original hard drive and therefore the original data can not be lost.

Defendant's argument is essentially an argument of convenience and expense. In light of that, the undersigned submits that the rights of the children should outweigh these concerns and the Court should order imposition of the government's proposed protective order. See Exhibit B.

                                                    Respectfully submitted,

                                                    MICHAEL J. SULLIVAN
                                                    United States Attorney

By: /s/ Ann Taylor
       Ann Taylor
       Assistant U.S. Attorney

DATE: April 20, 2005

CERTIFICATE OF SERVICE

This is to certify that I have this day served upon the person listed below a copy of the foregoing document by depositing in the United States mail a copy of same in an envelope bearing sufficient postage for delivery:

    Miriam Conrad
    Federal Defender
    408 Atlantic Avenue
    Boston, MA 02210

This 20th day of April, 2005.

                                          Dena T. Sacco
                                          ASSISTANT UNITED STATES ATTORNEY

| | | |
|---|---|---|
| 01/11/2005 | 22 | Judge Judith G. Dein : ElectronicORDER entered. ORDER ON EXCLUDABLE DELAY as to Andrew Lewis Time excluded from 1/11/05 until 2/15/05. (Quinn, Thomas) (Entered: 01/12/2005) |
| 01/11/2005 | 23 | Judge Judith G. Dein : ElectronicORDER entered granting 18 Motion for Discovery as to Andrew Lewis (1) (Quinn, Thomas) (Entered: 01/12/2005) |
| 01/11/2005 | 24 | Judge Judith G. Dein : ElectronicProtective ORDER entered. as to Andrew Lewis (Quinn, Thomas) (Entered: 01/12/2005) |
| 01/18/2005 | 25 | MOTION for Review of Magistrate Judge's January 11, 2005 Order Granting Defendant's Motion for Production of Discovery. as to Andrew Lewisby USA. (Stanhope, Don) (Entered: 01/19/2005) |
| 01/19/2005 | | ElectronicClerk's Notes for proceedings held before Judge Judith G. Dein :Motion Hearing as to Andrew Lewis held on 1/19/2005 re 20 MOTION to Modify Conditions of Release filed by Andrew Lewis,; AUSA Sacco and Attorney Watkins make arguments on the motion and USMJ Dein grants motion with pretrial services to approve specific job search efforts and job placement. (Court Reporter D.R..) (Quinn, Thomas) (Entered: 01/19/2005) |
| 01/19/2005 | | Judge Judith G. Dein : ElectronicORDER entered granting 20 Motion to Modify Conditions of Release as to Andrew Lewis (1) Pretrial services to approve specific job search efforts and job placement. (Quinn, Thomas) (Entered: 01/19/2005) |
| 02/14/2005 | 26 | Joint MOTION to Continue *Interim Status Conference* as to Andrew Lewis. (Watkins, Timothy) (Entered: 02/14/2005) |
| 02/14/2005 | | Judge Judith G. Dein : Electronic ORDER entered granting 26 Motion to Continue as to Andrew Lewis (1). The Interim Status Conference is continued to 3/28/05 at 10:15AM. (Dambrosio, Jolyne) (Entered: 02/14/2005) |
| 02/14/2005 | 27 | Judge Judith G. Dein : ORDER entered. ORDER ON EXCLUDABLE DELAY as to Andrew Lewis. Time excluded from 2/15/05 until 3/28/05. (Dambrosio, Jolyne) (Entered: 02/14/2005) |
| 03/14/2005 | | Judge Reginald C. Lindsay : Electronic ORDER entered granting in part and denying in part 25 Motion for review of magistrate judge's order granting production of certain computer evidence. The protective order issued by the magistrate judge on January 11, 2005 is hereby modified. Section 2 of that order is hereby stricken. In its place the following is inserted. "Counsel for the defendant shall retain custody of the computer evidence at all times. The computer evidence may be accessed and examined by Devin Hosea and members of his staff only at the offices of defendant's counsel. The computer evidence may not be copied." In all other respects the protective order of January 11, 2005 shall remain in full force and effect (Lindsay, Reginald) (Entered: 03/14/2005) |
| 03/30/2005 | | Electronic Clerk's Notes for proceedings held before Judge Judith G. |

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 04-10317-RCL |
| | ) | |
| ANDREW LEWIS | ) | |

<u>PROTECTIVE ORDER</u>

**IT IS HEREBY ORDERED:**

1. The government shall provide defense counsel, Timothy Watkins, with: (1) an image of the hard drive of the eMac computer in the above-captioned matter, necessarily including any and all actual or alleged child pornography and/or contraband contained thereon; (2) a copy of the hard drive image of the eMac computer created using Encase. Mr. Watkins shall maintain the computer evidence as follows:

    a. The computer evidence shall be maintained by Mr. Watkins in accordance with this Order, except as provided in ¶ 2, and shall be used by him solely and exclusively in connection with this case (including trial preparation, trial, and appeal).

    b. The computer evidence shall be maintained by Mr. Watkins in a locked file or cabinet at all times, except while being actively utilized **or** as otherwise provided for in this Order.

    c. A copy of this Order shall be kept with the computer evidence at all times.

    d. The computer evidence shall be accessed and viewed only by Mr. Watkins, other employees of the Federal Defender Office, and experts retained by him in this case, including Devin Hosea, who shall access and view the computer evidence only as set forth in Section 2 below. Employees of, or other experts retained by, the Federal Defender Office

-5-

        may only view the evidence in Mr. Watkins's presence, and only after reviewing this order and agreeing to be bound by it. Mr. Watkins shall maintain a list of all employees and other experts granted access to the computer evidence, which list shall include the dates and times of such access.

e. Defendant himself shall not be permitted to access or view any graphic image file containing actual or alleged child pornography, on any of the computer evidence, without petition and prior order of this Court. However, defendant may access and view non-image data contained on the computer evidence for the purpose of assisting in the preparation of his defense in the presence of counsel and under the direct supervision and control of counsel.

f. Any computer into which the computer evidence may be inserted for access and operation shall not be connected to a network while a copy of the retained evidence is inserted into it.

g. Timothy Watkins shall take the necessary steps to ensure that alleged child pornography is not printed, and is not copied or saved onto any computer media or hard drive, including into unallocated space and virtual memory, except to the extent that duplication into Random Access Memory (RAM) or onto a hard drive is required by or necessarily results from the analysis conducted in connection with this case. If any alleged child pornography is copied on the hard drive of any computer, that hard drive must be used exclusively by Mr. Watkins and only for purposes of this case until it is reformatted or otherwise wiped clean at the close of this case to ensure that all child pornography is removed.

h. Any computer into which the computer evidence is inserted may be connected to a printer only under the following conditions: that any printer utilized is a local printer, that the printer may be connected only when and as necessary to print non-graphic image files, and that Timothy Watkins and/or Devin Hosea shall be personally present at all times a printer is connected.

2. Timothy Watkins may provide his retained expert, Devin Hosea, with the computer evidence under the following circumstances and conditions.

   a. Timothy Watkins shall deliver the computer evidence to Devin Hosea by Federal Express. Timothy Watkins shall retain the relevant paperwork and tracking number, and verify receipt of the computer evidence by Devin Hosea. If Devin Hosea does not receive the computer evidence in a timely manner, he shall inform Mr. Watkins immediately, and Mr. Watkins then shall contact the Assistant U.S. Attorney assigned to this case.

   b. Devin Hosea shall maintain the computer evidence in accordance with this Order, and shall use it solely and exclusively in connection with this case. Within one week after a change of plea hearing or trial in this case, Devin Hosea shall return the computer evidence to Timothy Watkins, also by Federal Express. In so doing, Devin Hosea shall retain the relevant paperwork and tracking number, and verify receipt of the computer evidence by Timothy Watkins. If Mr. Watkins does not receive the computer evidence in a timely manner, he shall immediately contact the Assistant U.S. Attorney assigned to this case.

   c. Devin Hosea shall maintain the computer evidence in a locked drawer or filing cabinet in his office at all times, except while being actively utilized as provided for in this Order.

   d. A copy of this Order shall be kept with the computer evidence at all times.

   e. The computer evidence may be accessed and viewed only by Devin Hosea and members of his staff in Devin Hosea's presence. Members of Devin Hosea's staff may view the computer evidence only after Mr. Hosea has given the staff member a copy of this Order and the staff member agrees to be bound by it.

   f. Devin Hosea shall maintain custody over the computer evidence at all times. Devin Hosea shall maintain a list of all staff granted access to the

        computer evidence, which list shall include the dates and times of such access.

    g. Any computer into which the computer evidence may be inserted for access and operation shall not be connected to a network while a copy of the computer evidence files is inserted into it.

    h. Devin Hosea shall take the necessary steps to ensure that alleged child pornography is not printed, and is not copied or saved onto any computer media or hard drive, including into unallocated space and virtual memory, except to the extent that duplication into  including into unallocated space and virtual memory, except to the extent that duplication into Random Access Memory (RAM) or onto a hard drive is required by or necessarily results from the analysis conducted in connection with this case. If any alleged child pornography is copied on the hard drive of any computer, that hard drive must be used exclusively by Mr. Watkins and only for purposes of this case until it is reformatted or otherwise wiped clean at the close of this case to ensure that all child pornography is removed.

    i. Any computer into which the computer evidence is inserted may be connected to a printer only under the following conditions: that any printer utilized is a local printer, that any printer may be connected only when and as necessary to print non-graphic image files, and that Devin Hosea shall be personally present at all times a printer is connected.

3. Within 30 days of termination of this matter (including the termination of any appeal), defense counsel shall return (or cause the return of) the computer evidence to Assistant United States Attorney Dena T. Sacco or another representative of the United States Attorney's Office. Upon the return of the computer evidence, defense counsel shall file a brief report to the Court specifying that the terms of this Order have been complied with and reporting the return of the computer evidence.

**IT IS SO ORDERED** this 11th day of January, 2005.

*[signature: Judith Gail Dein]*
Hon. Judith G. Dein
U.S. Magistrate Judge

-9-

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 04-10373-MLW |
| | ) | |
| ERIC MOLIGNARO | ) | |

## PROTECTIVE ORDER

**IT IS HEREBY ORDERED:**

1. The government shall provide defense counsel, Miriam Conrad with an image of the hard drive of the computer in the above-captioned matter, necessarily including any and all alleged child pornography and/or contraband contained thereon. These items shall hereinafter be referred to as the "computer evidence." Ms. Conrad shall maintain the computer evidence as follows:

   a. The computer evidence shall be maintained by Ms. Conrad in accordance with this Order and shall be used by her solely and exclusively in connection with this case (including trial preparation, trial, and appeal).

   b. The computer evidence shall be maintained by Ms. Conrad in a locked file or cabinet at all times.

   c. A copy of this Order shall be kept with the computer evidence at all times.

   d. The computer evidence shall be accessed and viewed only by Ms. Conrad, and/or employees of the Federal Public Defender's Office, working on

behalf of the defendant. Employees of the Federal Public Defender's Office may only view the evidence in Ms. Conrad's presence, and only after reviewing this order and agreeing to be bound by it. Ms. Conrad shall maintain a list of all employees granted access to the computer evidence, which list shall include the dates and times of such access.

e. If Ms. Conrad retains a computer expert in this case, said expert may access and examine the computer evidence in this case at Ms. Conrad's office. The computer evidence may not be copied except as necessary to complete the forensic examination.

e. Defendant himself shall not be permitted to access or view any graphic image file containing alleged child pornography or contraband, on any of the computer evidence, without petition and prior order of this Court. However, defendant may access and view non-image data contained on the computer evidence for the purpose of assisting in the preparation of his defense in the presence of counsel and under the direct supervision and control of counsel.

f. Any computer into which the computer evidence may be inserted for access and operation shall not be connected to a network while a copy of the computer evidence is inserted into it.

g. Miriam Conrad shall take the necessary steps to ensure that alleged child pornography is not printed, and is not copied or saved onto any computer media or hard drive, including into unallocated space and virtual memory.

h. Any computer into which the computer evidence is inserted may be connected to a printer only under the following conditions: that any printer utilized is a local printer, that the printer may be connected only when and as necessary to print non-graphic image files, and that Miriam Conrad and/or an expert retained by Miriam Conrad shall be personally present at all times a printer is connected.

i. Within 30 days of termination of this matter (including the termination of any appeal), defense counsel shall return (or cause the return of) the computer evidence, as well as any copies of said evidence authorized by this protective order, to the Assistant United States Attorney assigned to this case. Upon the return of the computer evidence, defense counsel shall file a

      brief report to the Court specifying that the terms of this Order have been complied with and reporting the return of the computer evidence.

**IT IS SO ORDERED** this __th day of April, 2005.

 

_____
MARIANNE B. BOWLER.
UNITED STATES MAGISTRATE JUDGE