UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CRIMINAL NO. 04-10373-MLW |
| | ) |
| ERIC MOLIGNARO | ) |

PROTECTIVE ORDER

**IT IS HEREBY ORDERED:**

1. The government shall provide defense counsel, Miriam Conrad, with an image of the hard drive of the computer in the above-captioned matter, necessarily including any and all alleged child pornography and/or contraband contained thereon. This item shall hereinafter be referred to as the "computer evidence." Ms. Conrad shall maintain the computer evidence as follows:

    a. The computer evidence shall be maintained by Ms. Conrad in accordance with this Order, except as provided in Section 2 below, and shall be used by her solely and exclusively in connection with this case (including trial preparation, trial, and appeal).

    b. The computer evidence shall be maintained by Ms. Conrad in a locked file or cabinet at all times, except while being actively utilized or as otherwise provided for in this Order.

    c. A copy of this Order shall be kept with the computer evidence at all times.

    d. The computer evidence shall be accessed and viewed only by Ms. Conrad, other employees of the Federal Defender Office, and the expert retained by Ms. Conrad in this case, Robert Young, who shall access and view the computer evidence only as set forth in Section 2 below. Employees of the Federal Defender Office may only view the evidence in Ms. Conrad's presence, and only after reviewing this order and agreeing to be bound by it. Ms. Conrad shall maintain a list of all employees granted access to the computer evidence, which list shall include the dates and times of such access.

 e. Defendant himself shall not be permitted to access or view any graphic image file containing alleged child pornography or contraband, on any of the computer evidence, without petition and prior order of this Court. However, defendant may access and view non-image data contained on the computer evidence for the purpose of assisting in the preparation of his defense in the presence of counsel and under the direct supervision and control of counsel.

 f. Any computer into which the computer evidence may be inserted for access and operation shall not be connected to a network while a copy of the computer evidence is inserted into it.

 g. Miriam Conrad shall take the necessary steps to ensure that alleged child pornography is not printed, and is not copied or saved onto any computer media or hard drive, including into unallocated space and virtual memory, except to the extent that duplication into Random Access Memory (RAM) or onto a hard drive is required by or necessarily results from the analysis conducted in connection with this case. If any alleged child pornography is copied onto the hard drive of any computer, that hard drive must be used exclusively by Ms. Conrad and only for purposes of this case until it is reformatted or otherwise wiped clean at the close of this case to ensure that all child pornography is removed.

 h. Any computer into which the computer evidence is inserted may be connected to a printer only under the following conditions: that any printer utilized is a local printer, that the printer may be connected only when and as necessary to print non-graphic image files, and that Miriam Conrad and/or Robert Young shall be personally present at all times a printer is connected.

2. Miriam Conrad may provide her retained expert, Robert Young, with the computer evidence, after he has signed the Affidavit attached hereto and she has filed a copy thereof with the Court, under the following circumstances and conditions.

 a. Miriam Conrad shall deliver the computer evidence to Robert Young by Federal Express. Miriam Conrad shall retain the relevant paperwork and tracking number, and verify receipt of the computer

evidence by Robert Young. If Robert Young does not receive the computer evidence in a timely manner, he shall inform Ms. Conrad immediately, and Ms. Conrad then shall contact the Assistant United States Attorney assigned to this case.

b.  Robert Young shall maintain the computer evidence in accordance with this Order, and shall use it solely and exclusively in connection with this case. Within one week after a change of plea hearing or trial in this case, Robert Young shall return the computer evidence to Miriam Conrad, also by Federal Express. In so doing, Robert Young shall retain the relevant paperwork and tracking number, and verify receipt of the computer evidence by Miriam Conrad. If Ms. Conrad does not receive the computer evidence in a timely manner, she shall immediately contact the Assistant United States Attorney assigned to this case.

c.  Robert Young shall maintain the computer evidence in a locked drawer or filing cabinet in his office at all times, except while being actively utilized as provided for in this Order.

d.  A copy of this Order shall be kept with the computer evidence at all times.

e.  The computer evidence may be accessed and viewed only by Robert Young and members of his staff in his presence. Members of Robert Young's staff may view the computer evidence only after Mr. Young has given the staff member a copy of this Order and the staff member agrees to be bound by it.

f.  Robert Young shall maintain custody over the computer evidence at all times. Robert Young shall maintain a list of all staff granted access to the computer evidence, which list shall include the dates and times of such access.

g.  Any computer into which the computer evidence may be inserted for access and operation shall not be connected to a network while a copy of the computer evidence files is inserted into it.

h.  Robert Young shall take the necessary steps to ensure that alleged child pornography is not printed, and is not copied or saved onto any

       computer media or hard drive, including into unallocated space and virtual memory, except to the extent that duplication into Random Access Memory (RAM) or onto a hard drive is required by or necessarily results from the analysis conducted in connection with this case. If any alleged child pornography is copied onto the hard drive of any computer, that hard drive must be used exclusively by Robert Young and only for purposes of this case until it is reformatted or otherwise wiped clean at the close of this case to ensure that all child pornography is removed.

   i.   Any computer into which the computer evidence is inserted may be connected to a printer only under the following conditions: that any printer utilized is a local printer, that the printer may be connected only when and as necessary to print non-graphic image files, and that Robert Young shall be personally present at all times a printer is connected.

3.   Within 30 days of termination of this matter (including the termination of any appeal), defense counsel shall return (or cause the return of) the computer evidence to the Assistant United States Attorney assigned to this case. Upon the return of the computer evidence, defense counsel shall file a brief report to the Court specifying that the terms of this Order have been complied with and reporting the return of the computer evidence.

**IT IS SO ORDERED** this 13 day of May, 2005

                                                                                         _Marianne B. Bowler USMJ_
                                                                                       The Honorable Marianne Bowler
                                                                                       United States Magistrate Judge

Attachment to Protective Order Filed on May 12, 2005

I, Robert Young, have been retained and/or consulted as an expert by the Defendant in the case pending in the United States District Court for the District of Massachusetts, United States v. Eric Molignaro, Criminal Action Number 04-10373-MLW. I have been provided with a copy of the Protective Order filed with the Court on May 12, 2005, and Counsel for the defendant, Miriam Conrad, has explained the Protective Order to me. I understand that I must comply with the Protective Order, that I may use the materials only as provided therein, and that I may be subject to prosecution for contempt if I and/or any member of my staff violate the Protective Order.

Signed this 16th day of May, 2005

Name: Robert Young
Title: President, Ability Systems Corp.
Address: PO Box 6593, Aloha, OR 97007