

U.S. Department of Justice

*Michael J. Sullivan*
United States Attorney
District of Massachusetts

---

*Main Reception: (617) 748-3100*

John Joseph Moakley United States Courthouse
Suite 9200
1 Courthouse Way
Boston, Massachusetts 02210

August 15, 2005

Miriam Conrad, Esq.
Federal Defender Office
408 Atlantic Avenue, 3rd Floor
Boston, MA 02210

    Re:  United States v. Eric Molignaro
          Criminal No. 04-10373-MLW

Dear Ms. Conrad:

    This letter sets forth the Agreement between the United States Attorney for the District of Massachusetts (the "U.S. Attorney") and your client, Defendant Eric Molignaro ("Defendant"), in the above-captioned case. The Agreement is as follows:

    1.    Change of Plea and Dismissal of Count

    On or before September 15, 2005, or as soon thereafter as the Court may schedule, Defendant shall plead guilty to Count Two of the two-count Indictment in this case, charging him with unlawful possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). Defendant expressly and unequivocally admits that he in fact knowingly committed the crime charged in Count Two of the Indictment, and is in fact guilty of those offenses. Upon imposition of sentence on Count Two of the Indictment, the U.S. Attorney agrees to dismiss Count One of the Indictment.

    2.    Penalties

    Defendant faces the following maximum penalties: ten years in prison, $250,000 fine, three years of supervised release, and a $100 mandatory special assessment. Additionally, Defendant is subject to the forfeiture of computer equipment and items as alleged in the Indictment.



3. <u>Sentencing Guidelines</u>

The parties agree to jointly take the following positions at sentencing under the United States Sentencing guidelines:

a. U.S.S.G. § 2G2.4, as applicable at the time of the offense conduct in this case (October 10, 2003) is the applicable guideline sentencing provision and calls for a base offense level ("BOL") of 15;

b. U.S.S.G. § 2G2.4(b)(1) is applicable because the material involved a prepubescent minor or minor under the age of twelve, requiring an increase to the BOL of 2 levels;

c. U.S.S.G. § 2G2.4(b)(3) is applicable because Defendant's possession of the material resulted from Defendant's use of a computer, requiring an increase to the BOL of 2 levels;

d. U.S.S.G. § 2G2.4(b)(5)(A) is applicable because the offense involved at least 10 images, requiring an increase to the BOL of 2 levels;

e. U.S.S.G. § 3E1.1(b) is applicable because the adjusted offense level is 16 or greater, and Defendant timely notified the government of his intention to enter a plea of guilty, requiring, subject to the reservation below, a decrease to the BOL of 3 levels.

The U.S. Attorney's agreement that the disposition set forth below is appropriate in this case is based, in part, on Defendant's prompt acceptance of personal responsibility for the offense of conviction in this case.

The U.S. Attorney specifically may, at his sole option, be released from his commitments under this Agreement, including, but not limited to, his agreement that paragraph 4 constitutes the appropriate disposition of this case, if at any time between his execution of this Agreement and sentencing, Defendant:

(a) Fails to admit a complete factual basis for the plea;

(b) Fails to truthfully admit his conduct in the offenses of conviction;

(c) Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under

        U.S.S.G. § 1B1.3;

(d) Fails to provide truthful information about his financial status;

(e) Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

(f) Engages in acts which form a basis for finding that Defendant has obstructed or impeded the administration of justice under U.S.S.G. § 3C1.1;

(g) Intentionally fails to appear in Court or violates any condition of release;

(h) Commits a crime; and/or

(i) Transfers any asset protected under any provision of this Agreement.

Defendant expressly understands that he may not withdraw his plea of guilty, unless the Court rejects this Agreement under Fed. R. Crim. P. 11(c)(5).

4. **Agreed Disposition**

The U.S. Attorney and Defendant agree pursuant to Fed. R. Crim. P. 11(c)(1)(C) that the following is the appropriate disposition of this case:

(a) incarceration of no more than 27 months and no less than 24 months, with each party free to recommend a sentence within that range;

(b) forfeiture as alleged in the Indictment;

(c) mandatory special assessment of $100;

(d) supervised release of three years with special conditions related to mental health and sex offender treatment;

(e) no fine.

5. **Payment of Mandatory Special Assessment**

Defendant agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing, unless Defendant establishes to the satisfaction of the Court that Defendant is financially unable to do so.

6. **Probation Department Not Bound By Agreement**

The sentencing disposition agreed upon by the parties and their respective calculations under the Sentencing Guidelines are not binding upon the United States Probation Office. Defendant's plea will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(C). Defendant cannot withdraw his plea of guilty unless the sentencing judge rejects this Agreement. If the sentencing judge rejects this Agreement, this Agreement shall be null and void at the option of either the United States or Defendant. In this regard, Defendant hereby waives any defense to any charges which he might otherwise have under any statute of limitations or the Speedy Trial Act.

7. **Forfeiture**

Defendant will forfeit to the United States any and all assets subject to forfeiture pursuant to 18 U.S.C. 2253(a) as a result of his guilty plea, as alleged in the forfeiture allegations of the Indictment.

Defendant hereby waives and releases any and all claims he may have to any personal property seized by the United States, or seized by any state or local law enforcement agency and turned over to the United States, during the investigation and prosecution of this case, and consents to the forfeiture of all such assets. Without limiting the generality of the foregoing, Defendant hereby specifically waives and releases his claims to the computers and related items seized by, or turned over to, law enforcement officials on or about October 10, 2003.

8. **Civil Liability**

By entering into this Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, which Defendant may have incurred or may incur as a result of his conduct and his plea of guilty to the charge specified in paragraph one of this Agreement.

9. **Withdrawal of Plea By Defendant**

Should Defendant move to withdraw his guilty plea at any time, this Agreement shall be null and void at the option of the U.S. Attorney.

10. <u>Breach of Agreement</u>

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Agreement, has violated any condition of his pretrial release, or has committed any crime following his execution of this Agreement, the U.S. Attorney may, at his sole option, be released from his commitments under this Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to him under the law, irrespective of whether he elects to be released from his commitments under this Agreement. Further, the U.S. Attorney may pursue any and all charges which have been, or are to be, dismissed pursuant to this Agreement. Defendant recognizes that no such breach by him of an obligation under this Agreement shall give rise to grounds for withdrawal of his guilty plea. Defendant understands that, should he breach any provision of this agreement, the U.S. Attorney will have the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements which may be made by him, and any information, materials, documents or objects which may be provided by him to the government subsequent to this Agreement, without any limitation. In this regard, Defendant hereby waives any defense to any charges which he might otherwise have under any statute of limitations or the Speedy Trial Act.

11. <u>Who Is Bound By Agreement</u>

This Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

12. <u>Complete Agreement</u>

This letter contains the complete and only agreement between the parties relating to the disposition of this case. No promises, representations or agreements have been made other than those set forth in this letter. This Agreement supersedes prior understandings, if any, of the parties, whether written or oral. This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the Agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Timothy Q. Feeley.

Very truly yours,

MICHAEL J. SULLIVAN
United States Attorney

By: *(signature)*

LAURA J. KAPLAN, Chief
Violent & Organized Crime Section

TIMOTHY Q. FEELEY
Assistant U.S. Attorney

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty and I believe this Agreement is in my best interest.

*(signature)*
ERIC MOLIGNARO
Defendant

Date: 10/28/05

I certify that Eric Molignaro has read this Agreement and that we have discussed its meaning. I believe he understands the Agreement and is entering into the Agreement freely, voluntarily and knowingly.

_____
Miriam Conrad, Esq.
Attorney for Defendant

Date: 10/28/05